## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MORTON<br>5 East 3rd Street<br>Pottstown, PA 19464 | : CIVIL ACTION NO. _____<br>:<br>:<br>: |
| Plaintiff, | : **JURY TRIAL DEMANDED**<br>: |
| v. | :<br>: |
| TECHO-BLOC CORPORATION<br>23 Quarry Road<br>Douglassville, PA 19518 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT – CIVIL ACTION

Plaintiff, John Morton ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Techo-Bloc Corporation ("Defendant"), alleges as follows:

1.     Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq* and is in breach of its obligations towards Plaintiff under Pennsylvania common law.

## PARTIES

2.     Plaintiff John Morton is an adult American citizen residing at 5 East 3rd Street Pottstown, PA 19464.

3.     Defendant Techo-Bloc Corporation, upon information and belief, is a corporation doing business in Pennsylvania with a place of business at 23 Quarry Road Douglassville, PA 19518.

## JURISDICTION AND VENUE

4.     Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.     On or about September 16, 2016, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e).  Plaintiff's Complaint was docketed as PHRC Case Number: 201802208 and EEOC Charge Number: 530-2017-00428.  Plaintiff's Complaint was filed within one hundred and eighty (180) days of the unlawful employment practice.

6.     By correspondence dated September 3, 2020, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge of Discrimination, advising him that she had ninety (90) days to file suit against Defendant.

7.     Plaintiff filed the instant matter within the relevant statutory timeline.

8.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

9.     This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"),

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claim.

12.     The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Defendant in or around July 2015 in the position of Temporary Laborer.

15. Defendant promoted Plaintiff to the position of Laborer on or about March 13, 2016.

16. At all times material hereto, Plaintiff received positive performance reviews, occasional praise for his work, and no justifiable discipline.

17. On or about April 21, 2016, Plaintiff was diagnosed with a hernia as a result of carrying one hundred-pound blocks on Defendant's worksite. A hernia is a disability within the meaning of the ADA and PHRA as it substantially impaired one or more of his major life activities.

18. Plaintiff provided Defendant with notice of the work-related injury on or about April 22, 2016.

19. On or about April 22, 2016, Plaintiff returned to work. Upon his return to work, Plaintiff asked for and Defendant granted a reasonable accommodation in the form of a reduction in the amount of weight Plaintiff was required to lift.

20. A few hours after the reasonable accommodation was granted, Steven Minnor ("Mr. Minnor"), one of Defendant's managers, instructed Plaintiff not to return to work on or about April 25, 2020 which was the following work day. Mr. Minnor explained that he had to "discuss the situation" with Defendant's senior management and Human Resources Department.

21. On or about April 25, 2016, Plaintiff called Defendant's senior management and Human Resources Department approximately twelve (12) times; however, none of these calls were responded to.

22.     Later in the day, Mr. Minnor called Plaintiff and advised him that he was being terminated. Mr. Minnor justified this decision by stating that termination would "better protect [Plaintiff] and the company." Mr. Minnor further noted that Defendant does not make accommodations.

23.     Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of his actual and/or perceived disabilities, because Defendant regarded him as being disabled, for his past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA and PHRA.

24.     Plaintiff filed a Worker's Compensation claim on or about April 26, 2016.

25.     The EEOC found that reasonable cause existed to believe that Defendant violated the ADA when they terminated Plaintiff and failed to provide him a reasonable accommodation.

26.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION AND RETALIATION**

27.     Paragraphs 1 through 26 are hereby incorporated by reference as though the same were fully set forth at length herein.

28.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

29.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

4

30.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

31.     As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

32.     As Plaintiff advised Defendant of his disability, Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

33.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disabilities, because it regarded his as being disabled within the meaning of the ADA, and/or in retaliation for plaintiff's requesting a reasonable accommodation.

34.     Plaintiff's assertion that Defendant terminated him in violation of the ADA is buttressed by the EEOC's finding that reasonable cause exists to believe that Plaintiff's termination was in violation of the ADA and as a direct result of his request for a reasonable accommodation.

35.     Plaintiff's assertion that he was unlawfully terminated is further supported by the proximity in time between Plaintiff advising Defendant of his disability and Defendant taking adverse employment action. Within a few hours of learning of Plaintiff's disability, Defendant advised Plaintiff not to return to work on the following business day. Within four (4) days of learning of Plaintiff's disability, Defendant terminated Plaintiff.

36.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.    Pre-judgment interest in an appropriate amount;

E.    Such other and further relief as is just and equitable under the circumstances; and

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *ET SEQ.***
**DISCRIMINATION AND RETALIATION**

37.    Paragraphs 1 through 36 are hereby incorporated by reference, as though the same were fully set forth at length herein.

38.    Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

39.    As described above, Plaintiff's disability substantially limited Plaintiff in one or more major life activities.

6

40.     As Plaintiff advised Defendant of his disability, Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

41.     The facts surrounding Plaintiff's termination, many of which are highlighted above, support Plaintiff's contention that Defendant retaliated against Plaintiff for his requests to be reasonably accommodated and/or on the basis of his actual and/or perceived disability.

42.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

43.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Compensatory damages in an amount to be determined at trial;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW

44.      Paragraphs 1 through 44 are hereby incorporated by reference, as though the same were fully set forth at length herein.

45.      On or about April 21, 2016, Plaintiff was diagnosed with a hernia, an injury he sustained during the course and scope of his employment

46.      Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

47.      Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment due to the steps that they believed that Plaintiff was likely to take to avail himself of the benefits of the Pennsylvania Worker's Compensation Law.

48.      Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than ($150,000.00) one hundred and fifty thousand dollars;

B.      Compensatory damages and lost benefits;

C.      Punitive damages for Defendant's discriminatory practices which were

committed with malicious and reckless indifference to Plaintiff's rights;

D.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.      Pre-judgment interest in an appropriate amount; and

F.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     */s/Michael Murphy, Esq.*
        Andrew Paul Condiles, Esquire
        Michael Murphy, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        Phone: (267) 273-1054
        acondiles@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: October 19, 2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| John Morton | : | CIVIL ACTION |
| v. | : | |
| Techo-Bloc Corporation | : | |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( x )

| 10/19/2020 | Michael Murphy, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| John Morton | Techo-Bloc Corporation |

| **(b)**   County of Residence of First Listed Plaintiff    Montgomery | County of Residence of First Listed Defendant    Berks |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, 42 U.S.C. § 12101 et seq., and PHRA, 43 P.S. § 951, et seq.

Brief description of cause:
Administrative remedies have been exhausted

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
10/19/2020

SIGNATURE OF ATTORNEY OF RECORD
*/s/Michael Murphy, Esq.*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5 East 3rd Street, Pottstown, PA 19464 _____

Address of Defendant: _____ 23 Quarry Road, Douglassville, PA 19518 _____

Place of Accident, Incident or Transaction: _____ 23 Quarry Road, Douglassville, PA 19518 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/19/2020    */s/Michael Murphy, Esq.*    91262

_____Attorney-at-Law / Pro Se Plaintiff_____    _____Attorney I.D. # (if applicable)_____

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Michael Murphy, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/19/2020    */s/Michael Murphy, Esq.*    91262

_____Attorney-at-Law / Pro Se Plaintiff_____    _____Attorney I.D. # (if applicable)_____

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)